```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

|  |  |
|---|---|
| VAN GANDY, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 18-00381-KD-B |
| VT Mae, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant VT MAE's Motion to Dismiss Plaintiff's Complaint (Doc. 6). The motion has been fully briefed and has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6) be **GRANTED** and that this action be **DISMISSED** with prejudice.

I. Background Facts and Proceedings

Plaintiff, Van Gandy, who is proceeding *pro se*, filed a complaint against Defendant VT MAE ("MAE") and a motion to proceed without prepayment of fees on August 31, 2018. (Docs. 1, 2). The Court granted Plaintiff's motion to proceed *in forma pauperis* on September 4, 2018. (Doc. 3).

In his original complaint, Plaintiff asserted that he was employed by Defendant MAE from February 11, 2008, to November 1,

2017, as a mechanic and that his job was terminated on November 1, 2017, while he was on medical leave, in violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and the Equal Pay Act ("EPA"). (Id. at 2-3). On September 28, 2018, Defendant MAE moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 6).

In an Order dated June 6, 2019, the undersigned observed that Plaintiff's complaint was deficient because it failed to allege the elements of a *prima facie* case under the ADA or the EPA and, thus, failed to state a claim upon which relief could be granted. (Doc. 10). Indeed, the Court set forth the elements of a *prima facie* case under both the ADA and the EPA and explained to Plaintiff which elements were missing in his complaint. (Id.). The Court then directed Plaintiff to file, by July 3, 2019, an amended complaint that corrected the noted deficiencies. (Id.). Plaintiff was cautioned that he must correct the noted deficiencies, or else the Court would recommend that the action be dismissed with prejudice for failure to state a claim upon which relief could be granted. (Id.). Plaintiff was provided a copy of the *Pro Se* Litigation Guide and encouraged to utilize the Guide in drafting his amended complaint. (Id.).

On July 2, 2019, Plaintiff filed a "response" to the Court's order (Doc. 12), which the Court construes as Plaintiff's amended complaint. Having reviewed Plaintiff's amended complaint (id.),

2

the Court observes that it is as deficient as the original complaint. Indeed, in the 215-page filing, Plaintiff sets forth one substantive paragraph, devoid of any material factual allegations, in which he explains his *pro se* status and describes his list of attached exhibits (which comprise the remaining 214 pages). (Doc. 12). Plaintiff's voluminous exhibits consist largely of medical records, court records, telephone records, disability insurance records, EEOC records, and social security disability records. (Id.).

Because Plaintiff was afforded ample opportunity to correct the pleading deficiencies in his original complaint but failed to do so, Defendant's motion to dismiss is due to be granted, and Plaintiff's amended complaint is due to be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.[1]

---

[1] Defendant's motion to dismiss pre-dates the filing of Plaintiff's amended complaint. Although Plaintiff's amended complaint supersedes his original complaint, the Court may nevertheless treat Defendant's motion as directed to the amended complaint because the same defects in Plaintiff's original complaint reappear in the amended complaint. See, e.g., Green-Ajufo v. Azar, 2018 WL 7080616, *1 (N.D. Ga. May 31, 2018), *report and recommendation adopted*, 2018 WL 7107542 (N.D. Ga. July 13, 2018)("Because the only difference between the initial Complaint and the Amended Complaint is that the latter no longer contains a color-based discrimination claim, the filing of the Amended Complaint did not moot Defendant's Partial Motion to Dismiss plaintiff's Title VII national origin discrimination and hostile work environment claims."); Wilson v. American Home Assur. Co., 2014 U.S. Dist. LEXIS 45297, *1 n.1, 2014 WL 1318384, *1 n.1 (N.D.
(Continued)

II. Rule 12(b)(6) Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." Stephens v. Department of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are

---

Tex. Apr. 2, 2014) ("Although this amended complaint supersedes the prior complaint to which Defendant's Rule 12(b)(6) motion to dismiss is directed, the motion is not moot. The Court may treat Defendant's motion as directed to the live pleading because the defects identified in the prior complaint also appear in the amended complaint"); Williamson v. Sacramento Mortg., Inc., 2011 U.S. Dist. LEXIS 113146, *4, 2011 WL 4591098, *1 (E.D. Cal. Sept. 30, 2011)("when the amended complaint is substantially identical to the original complaint, a properly filed amended complaint will not moot a pending motion to dismiss"); Mata-Cuellar v. Tennessee Dep't of Safety, 2010 U.S. Dist. LEXIS 80106, *5, 2010 WL 3122635, *2 (M.D. Tenn. Aug. 6, 2010) ("in the rare case, where the amended complaint is 'substantially identical to the original complaint,' the amended complaint may be insufficient to moot the motion to dismiss.); Greater Cincinnati Coal. for Homeless v. City of Cincinnati, 2009 U.S. Dist. LEXIS 84474, *9, 2009 WL 3029661, *4 (S.D. Ohio Sept. 16, 2009)(filing an amended complaint may not moot a motion to dismiss when the amended complaint is substantially identical to the original complaint).

drawn in favor of the plaintiff.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." Id.

"[U]unsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting

5

Fed. R. Civ. P. 8(a)(2)).  The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at 682).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard).  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v.

6

Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

III. Analysis.

As discussed in the Court's order of June 6, 2019, in order to state a claim for disability discrimination under the ADA, Plaintiff must allege the elements of a *prima facie* case of discrimination, including: (1) that Plaintiff is disabled; (2) that Plaintiff is a qualified individual; and (3) that Plaintiff was subjected to unlawful discrimination because of his disability. See Smith v. Miami-Dade Cty., 621 F. Appx. 955, 959 (11th Cir. 2015). For purposes of the ADA, a qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions" of his employment. Williams v. Providence Hosp./Providence Health Sys., 2016 U.S. Dist. LEXIS 177484, *10, 2016 WL 7743034, *4 (S.D. Ala. Dec. 21, 2016), *report and recommendation adopted*, 2017 WL 126131 (S.D. Ala. Jan. 12, 2017) (quoting 42 U.S.C. § 12111(8)).

In his original complaint, Plaintiff alleged that he has a physical disability, that he was fired by Defendant while on medical leave, and that he was told by Defendant that he was being terminated because he had not been "in contact with [Defendant] while out on medical leave." (Doc. 1). As Defendant points out, while these allegations may satisfy the first element of

7

Plaintiff's *prima facie* case, *i.e.,* that he is disabled, Plaintiff has alleged no facts in his original complaint or in his amended complaint that would establish the second and third elements of his ADA claim, *i.e.,* that he is a qualified individual *who was able to return to work and perform his position* as a mechanic and that he was terminated because of his disability. (Doc. 6 at 3-4). Indeed, despite being advised of these particular deficiencies, Plaintiff's amended complaint adds no material factual allegations whatsoever directed to these elements of his cause of action and, thus, does nothing to cure these deficiencies in the original complaint. (Doc. 12). Accordingly, Plaintiff's amended complaint, like the original complaint, fails to state a claim for relief under the ADA.

Likewise, as discussed in the Court's order of June 6, 2019 (Doc. 10), "[t]o make a prima facie case under the Equal Pay Act, an employee 'must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Moore v. Baker, 2019 U.S. Dist. LEXIS 38628, *20-21, 2019 WL 1374674, *7 (S.D. Ala. Mar. 8, 2019), *report and recommendation adopted,* 2019 WL 1371143 (S.D. Ala. Mar. 26, 2019) (quoting Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992)).

Here, Plaintiff has not alleged in his original complaint or in his amended complaint that any mechanic, female or male, was paid more than he was paid, nor does he plead any facts comparing the skill, effort, responsibility, and working conditions of his position to any position held by a female.  See Arafat v. School Board of Broward County, 549 Fed. Appx. 872, 875 (11th Cir. 2013) (dismissing *pro se* plaintiff's EPA claim where plaintiff did allege that "male and younger" employees were paid more than she was but did not plead any facts "comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her."). Here, Plaintiff asserted only a vague and conclusory allegation in the original complaint that he "was not receiving equal pay as [a] mechanic."  (Doc. 1 at 1).  Again, despite being advised of these particular deficiencies, Plaintiff added no material factual allegations whatsoever in his amended complaint directed to these elements of his cause of action and, thus, did nothing to cure these deficiencies in the original complaint.  (Doc. 12).  Accordingly, Plaintiff's amended complaint, like the original complaint, fails to state a claim for relief under the EPA.

In sum, notwithstanding the Court's instructions in its order of June 6, 2019, detailing the precise deficiencies in Plaintiff's original complaint that he had to cure in order to avoid dismissal, Plaintiff filed a rambling, one-paragraph

9

response/amended complaint, which was devoid of material factual allegations and consisted, instead, of 214 pages of medical, insurance, social security, and various other records, all of which are wholly insufficient to cure the deficiencies in the original complaint or to state a claim for relief. (Doc. 12). Therefore, based on the foregoing, Defendant's motion to dismiss (Doc. 6) is due to be granted.

IV. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 6) be **GRANTED** and that Plaintiff's amended complaint be **DISMISSED with prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **August, 2019.**

                                                        **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**