IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VAN GANDY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:18-00381-KD-B |
| | ) | |
| VT MAE, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff Van Gandy's Motion to Reconsider the Order and Judgment adopting the Report and Recommendation, which dismissed his case without prejudice. (Doc. 20).

At the outset, Gandy does not indicate under what Federal Rule of Civil Procedure he seeks reconsideration of the undersigned's order adopting the Report and Recommendation (R&R), which dismissed his case without prejudice. (Docs. 18, 19). However, as the motion was filed past Rule 59(e)'s 28-day timeframe, the motion is construed as a Rule 60(b) motion, and specifically a Rule 60(b)(6) motion for reconsideration for any other reason that justifies relief.

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding as follows: "[o]n motion and just terms, the court may relieve a party or its legal representative from [an]…order…for….(6) any other reason that justifies relief." "A district court has the power pursuant to Rule 60(b)…to vacate or set aside a 'final judgment, order, or proceeding' in certain enumerated situations when "such action is appropriate to accomplish justice." Tundell v. Merck & Co., Inc., 2008 WL 2385508, *1 (N.D. Fla. Jun. 9, 2008). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."

1

Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001).  Moreover, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Madura v. BAC Home Loans Servicing, LP., 2012 WL 3656243, *2 (M.D. Fla. Aug. 23, 2012))).  Rather, the movant must show a "'justification so compelling that the district court was required to vacate its order' under Rule 60(b)." Tsavaris v. Pfizer, 717 Fed. Appx. 874, 876 (11th Cir. 2017).  See also Olmstead v. Humana, Inc., 154 Fed. Appx. 800, 805-806 (11th Cir. 2005) (the movant "must do more than show that a grant of [his] motion *might* have been warranted"… [He] "must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion[]") (emphasis added).

Previously the court directed plaintiff to file an amended complaint and advised Gandy of "particular deficiencies" about his failure to plead that he is a qualified individual who was able to return to work and perform his position as a mechanic, and that he was terminated because of his disability (Doc. 14 at 8 (citing Doc. 6 at 3-4).  However, Gandy's "amended complaint add[ed] no material factual allegations whatsoever directed to these elements…."  (Doc. 14 at 8).

Further, the court noted a vague and conclusory allegation by Gandy that he was not receiving equal mechanic pay, concluding that Gandy failed to cure that deficiency (referencing the amended complaint as "devoid of material factual allegations and consisted, instead, of 214 pages of medical, insurance, society security, and various other records, all of which are wholly insufficient to cure the deficiencies in the original complaint or to state a claim for relief."  (Doc. 14 at 9-10).

Gandy's present motion for reconsideration of the Court's adoption of the R&R lacks merit. Gandy has submitted nothing new to the Court.  Gandy has not cured the deficiencies in the

2

complaint. Gandy has also failed to sufficiently articulate the basis for relief/reconsideration. And as noted *supra*, Rule 60(b)(6) "is an *extraordinary* remedy which may be invoked *only* upon a showing of exceptional circumstances[]" (emphasis added). No such circumstances have been shown to this Court.

Thus, it is **ORDERED** that Plaintiff's motion (Doc. 20) is **DENIED.**

**DONE** and **ORDERED** this the **29th** day of **October 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**